271 So.2d 1 (1972)
Edward J. HILL, Petitioner,
v.
W. Dexter DOUGLASS, Respondent.
No. 41241.
Supreme Court of Florida.
November 15, 1972.
Rehearing Denied January 17, 1973.
Truett & Watkins, Tallahassee, for petitioner.
Carl R. Pennington, Jr., and W.K. Whitfield, Tallahassee, for respondent.
*2 DEKLE, Justice.
Before us is petition for writ of certiorari to the First District Court of Appeal directed to its opinion in this cause reported at 248 So.2d 182 (1971), denying petitioner the right to share in any part of a $57,000 attorney's fee received by respondent attorney to whom petitioner referred the case when it appeared during the course of the matter that petitioner must become a witness and would of course not try the cause under the provisions of Canon 19, Canons of Professional Ethics for Attorneys 32 F.S.A.[1]
*3 Conflict appears with Dudley v. Wilson, 13 So.2d 145 (Fla. 1943), vesting jurisdiction here under Fla. Const.art. V, § 4, F.S.A.
Of course there is no quarrel with the provisions of Canon 19 in requiring other counsel where the original attorney must testify. Neither is there any question here under Canon 34[2] which precludes a division of fee as a mere "referral fee" and allows a division only when it is based upon a division of services and responsibilities which clearly existed here.
The able trial judge's opinion rendered July 7, 1970 (prior to the amended canons) takes pains to point out that this is no mere "forwarding fee" without participation in services and responsibility, as condemned by Canon 34. The chancellor found that petitioner "was very active in the initial stages and there was a considerable degree of responsibility to Mrs. Lomas" (the ward); that his participation in the matter was a very active one with a considerable degree of responsibility to the client who really looked to petitioner regarding her interest.
Fla. Bar Opinion 62-10 (July 1962), Selected Opinions, Professional Ethics Committee, The Florida Bar, 1959-1967, points out the propriety of sharing a fee on the basis of the reasonable value for services actually rendered and responsibility shared in connection with the client's cause. The trial judge's order further stated that petitioner performed actual services and responsibilities here consistent with Canon 34 as a basis for a division of fee insofar as meeting the requirements of services performed. Among other things, the trial judge's order finds:
"His familiarity with the client and many of the significant facts about her and the subject matter were of importance and inescapably had a material bearing upon the evolvement of the course to be followed and of the rights and recoveries to be advocated."
It is interesting to note that Canon 19 actually states no express prohibition against a fee. The result of denying a fee has been interpolated into the Canon as a consistent correlation to the principle there enunciated and in an abundance of precaution to avoid any possible misunderstanding by the public or criticism of attorneys in this respect. It is therefore with more justification that we examine into this interpolation than if there were an express or clearer prohibition in the canon itself regarding a fee. Different circumstances may dictate different results regarding the fee from one case to another.
There is no latitude allowed under Canon 19 regarding representation and testimony at the same time (other than formal and uncontested matters or in case of distinctive value of lawyer to client). That much is clear. The question here is whether an attorney upon turning the trial over to other counsel under Canon 19 to become a witness, necessarily terminates his right to share in any fee which was earned up to that point. We would not question the denial of fee as to services after the association of new *4 counsel other than in the exceptions of DR 5-101(B), DR 5-102(B) and EC 5-10 because this seems consistent with the spirit and intent of Canon 19.
The troublesome part of this case is that petitioner is being denied that portion of the fee legitimately earned before the case was vested in associated trial counsel (dictated of course by the necessity of petitioner's becoming a material witness, as Canon 19 provides). Most logically and fairly it would seem that the termination point for a fee should be from that time when the attorney becomes aware, or reasonably should, that he will likely become a material witness, in order to avoid any possible criticism or a situation which might be misleading or misunderstood by the public regarding his testimony being affected by the right to receive any fee as a result of a successful outcome. It would appear to be a different situation with regard to that portion or fee which was earned prior to that time.
The vernacular of the new language in the canon refers to the time a lawyer "learns or it is obvious that he or a lawyer in his firm may be called as a witness... ." DR 5-102(B). In EC 5-10, it is recognized that the problem of lawyer-witness may arrive at different stages of the employment or litigation and it is at that juncture that the decision whether to continue representation must be made. It would seem that with the new implicit language covering more detail, that had it been intended that the canon should preclude compensation for prior services up until the time of becoming a witness, that there would at least have been some reference to this. Absent such reference, the fair inference from the language as we have analyzed it, permits in proper circumstances, as here, the allowance of reasonable compensation for such prior services which should be allowed. It is neither preluded by the language nor the spirit of the canon within the limitations which we have outlined.
Denial of a prior earned fee is unduly stretching the possibility that an attorney's later testimony would be viewed as affected by the fact that he had done earlier work in the case for which he should be rightfully paid. This is really depriving the laborer of his hire and should no more apply to an attorney than to any other profession or trade.
This result does not strain but rather clarifies the results under Canon 19. We would not accept any interpretation which would lend encouragement to any impropriety under this or any other canon but here there is logic and reason for this variation.
It is true that attorneys should avoid even the appearance or possible inference of wrongdoing, particularly when they assume the "unfamiliar" role of a witness, but when this becomes necessary it is sufficient penalty that he should lose any interest in the fee from that point forward and not for any prior work which he had done. This would certainly be a reasonable point of division in the matter. Here the attorney testified that he did not know he would become a witness at the time he was doing the work for which he seeks compensation. A part of the work did not even become involved in the litigation. This part was a successful reconveyance for the benefit of the client from one of those who had an interest and this was concluded prior to the litigation in which petitioner became a witness. It brought the property into the guardianship estate involved. It would be an anomaly to deny him compensation for this and similar work prior to the litigation simply because he had to become a witness later. The result would be an unjust enrichment to new counsel in a case, a principle which we have not allowed in other situations, and there is no reason why it should be visited upon petitioner here where no good reason appears.
Petitioner first learned that he would be a witness from his associate counsel, respondent here. This came about when he read a newspaper account of respondent filing the law suits in question. He called respondent and was told that he had not *5 been listed as a counsel of record because of the necessity of petitioner becoming a witness later and that "it would be better not to include him in the pleadings." Respondent counsel says it was earlier but that was a factual matter settled by the chancellor.
Not only would it be a harsh result to deny petitioner any fee at all but it would also lend itself to the possibility of advantage being taken of referring counsel by naming him as a witness.
A policy which denies a fairly earned fee would only encourage the unscrupulous in a devious division of dividends in the venture. A harsh holding that there can be no division whatever under these circumstances even for earlier, completed work may tempt others in the future to circumvent such a rule and thereby to bring our profession into disrepute, thus accomplishing the very disparity intended to be avoided. The canon is a shield for the public, not a sword for the attorney.
There is no objection by the client. Neither is there any inference whatever from the testimony given that petitioner's testimony was in any way colored by the fact that petitioner may or may not receive any part of a fee in the case. As the trial court described it, it was "a faithful and full account of what he knew. Some of his testimony did not support all of the theories of his client's case, while some did... . It appears to have been somewhat cumulative and standing alone would not be determinative of any such issues."
The extended and revised provisions in the present Canon 5 Rules and Ethical Considerations (former Canon 19) seem to recognize the position which we have outlined regarding continuing employment as attorney, even though a witness, where (1) substantial hardship on the client would result by discontinuing his counsel because of the distinctive value of the lawyer in the particular case (see D.R. 5-101 (B) (4)  footnote 1, supra), and (2) if "his testimony would be merely cumulative" (EC 5-10).
In the case at bar the testimony was "somewhat cumulative," the chancellor said. Also, the client looked to the original attorney (petitioner) throughout the litigation, even after he had retired as active counsel in order to be a witness for his client, indicating a particularly distinctive value here as counsel to the client. Associated trial counsel, respondent, never saw the client (Mrs. Lomas). Either of the exceptions mentioned may well apply to justify the award of a fee to this petitioner for services rendered prior to his witness role.
The controversy here was initially considered by the Florida Bar Ethics Committee pursuant to an inquiry by Mr. Douglass and an opinion was rendered based upon matters related only in the inquiry to the Committee. Opinion 68-19 (May 7, 1968), Selected Opinions, Professional Ethics Committee, The Florida Bar, 1959-1967. The facts stated there cover most of the pertinent items, but there are others which reveal the full circumstances. The opinion, in pertinent part, stated the principle that Canon 19 precludes an attorney from testifying for a client and participating in a contingent fee. It cited the earlier opinion of 67-30 (November 17, 1967), Selected Opinions, Professional Ethics Committee, The Florida Bar, 1959-1967. The inquirer was advised that it would be improper for him to directly or indirectly participate in the payment of the "requested referral fee." The opinion was also based upon the statement of the inquirer that the claim on him was for "a one-third referral fee." The opinion on this point merely stated that Canon 34 precludes a division of fee unless based on a division of services and responsibility. However, the opinion does appear to conclude that under both canons there shall be no division of the fee.
As previously discussed, this is not a case of a "referral fee" and our holding is *6 in no wise an approval of improper forwarding or so-called "referral" fees without the prerequisite division of services and responsibility. The Committee Opinion on this matter seems to assume that it is such a "referral fee" being sought, without any particular sharing of service and responsibility. We have seen that the chancellor found a material sharing of services and responsibility by the petitioner. Our holding would not therefore seem to clash with that Committee Opinion in reaching our result allowing a partial fee for actual work done under the guidelines set forth in this opinion.
The Committee Opinion 68-19, supra, based its conclusion upon the reference to its Opinion 67-30, supra. That was a rather lengthy and very thorough exploration of the canon and the reasons behind it. The basic reason there set forth for precluding participation at all in the contingent fee was "the probability or possibility that a fee, whether contingent or not, enhanced by the outcome of the suit, would invite perjury." We have seen in the present case that this was clearly not present and with the other factors now written into the canon of (1) "hardship upon the client," and (2) principally "cumulative" testimony, would place the present case beyond the veil of the reasoning which would justify a denial of payment of any fee for prior services. It seems plain then that exceptional circumstances, as here, are to be given consideration; that it is not a hard-and-fast rule but one of general principle.
Opinion 67-30, supra at p. 456, emphasizes that "the area is one all but devoid of certainty." and at p. 455 quotes ABA Com.Op. 220 (July 12, 1941), "that each case should depend on its own facts."
Accordingly, it is our holding that absent bad faith and absent any indication of the coloring of testimony which probably affected the outcome of the litigation, that counsel who has earlier earned a fee in matters later turned over to other counsel under Canon 19 because of the original attorney having to become a material witness, would be entitled to such reasonable fee as he may have earned prior to learning in good faith, or at such point as he should in good faith have learned, that he would probably become a witness in the matter precluding continuing representation, and not to share in any portion of fee thereafter absent earned the exceptions in DR 5-101(B), DR 5-102(B) and EC 5-10. Applying the rule here, the result would be an award of the fee as fixed by the trial judge in the sum of $11,778.59 for such services of the petitioner, as reduced by $2,000, earlier received by petitioner as attorney in the separate guardianship proceeding, or a net of $9,778.59 remaining due to petitioner as found by the chancellor, with legal interest from date of judgment in accordance with the statute so providing.[3]
Based on the foregoing reasoning and consistent with the canons, certiorari is granted; we quash the opinion of the district court in the result reached and remand the cause for the award of the $9,778.59 fee to petitioner with legal interest.
It is so ordered.
ROBERTS, C.J., and CARLTON and ADKINS, JJ., concur.
McCAIN, J., dissents.
NOTES
[1] "19. Appearance of Lawyer as Witness for His Client  When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

Canons are now designated, effective 10-1-70, as "Code of Professional Responsibility in Florida" which assigns new numbers. See Fla. Professional Ethics, The Fla. Bar 1971 and The Fla. Bar Journal, Sept. 1970, pp. 48 et seq.; 32 F.S.A. Pocket Part, 1971-72, pp. 76 et seq. See Cross Ref. Table of Canons, Fla. Bar Journal, Oct. '69, pp. 1210-12.
Canon 19 is now within DR 5-101(B) and DR 5-102 (Disciplinary Rules):
"DR 5-101 Refusing Employment when the Interests of the Lawyer May Impair His Independent Professional Judgment.
"(A) Except with the consent of his client ...
"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
"(1) If the testimony will relate solely to an uncontested matter.
"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case. (emphasis ours.)
"DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.
"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).
"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." (emphasis ours.)
Canon 19 is also dealt with in EC 5-9 and EC 5-10 (Ethical Considerations):
"EC 5-9 Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.
"EC 5-10 Problems incident to the lawyer-witness relationship arise at different stages; they relate either to whether a lawyer should accept employment or should withdraw from employment. Regardless of when the problem arises, his decision is to be governed by the same basic considerations. It is not objectionable for a lawyer who is a potential witness to be an advocate if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue. In the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue, he may serve as advocate even though he may be a witness. In making such decision, he should determine the personal or financial sacrifice of the client that may result from his refusal of employment or withdrawal therefrom, the materiality of his testimony, and the effectiveness of his representation in view of his personal involvement. In weighing these factors, it should be clear that refusal or withdrawal will impose an unreasonable hardship upon the client before the lawyer accepts or continues the employment. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." (emphasis ours.)
[2] See new DR 2-107(A) and EC 2-22 (Fla. Bar Journal, Sept. 1970, pp. 52 and 57; 32 F.S.A. Pocket Part, 1971-1972).
[3] Fla. Stat. § 55.03.