RAWLS, Chief Judge.
Appellants bring this appeal from a denial of their collateral attack seeking post-conviction relief upon the ground of incompetent counsel.
On March 13, 1967, a service station employee was killed in Marion County, Florida. Appellants were indicted for the crime of premeditated murder in the first degree, found guilty without recommendation of mercy, and sentenced to death. Their judgments of conviction were reviewed by the Supreme Court of Florida[1] and affirmed.[2] In its opinion, the Supreme Court of Florida held:
“We have considered not only the matters which have been urged in the briefs and argument of counsel but also have carefully examined the record to ‘review the evidence to determine if the interests of justice require a new trial’ as required by Sec. 924.32(2), Fla.Stat., F.S. A., and also to ascertain if any other fundamental error occurred which would require a reversal or modification.

“The record reveals that competent, aggressive and capable counsel was provided the defendants, that the trial was conducted in an orderly manner with great care exercised to comply with the rules of evidence and procedure, that the instructions to the jury were appropriate and complete, and that every reasonable safeguard to due process and fair trial was exercised.”
Appellant urges this Court to reverse the trial judge’s denial of relief upon the evidence adduced in the collateral attack proceedings. A review of this record reflects a sharp conflict in the testimony of the witnesses produced by the respective parties. It is axiomatic that the resolution of conflicts in testimony is a function to be exercised solely by the trier of fact. The record before us contains ample, competent evidence which dictates that the judgment of the trial court must be sustained.
There exists an equally compelling reason for affirming this judgment. On the direct appeal of the judgments of conviction of these appellants, the Supreme Court of Florida, after observing their responsibility to review the evidence to determine if the interests of justice required *482 a new trial, specifically found that appellants were furnished competent counsel. It is not a prerogative of this Court to reverse a specific finding by the Supreme Court.
The judgment appealed is affirmed.
JOHNSON and CARROLL, DONALD K., JJ., concur.

. Wilson v. State, 225 So.2d 321 (Fla.1969). Appellants alleged in tlieir motion to vacate that subsequent to the Florida Supreme Court’s affirmance that the United States Supreme Court entered its order setting aside the penalty imposed and remanded the cause to the Supreme Court of Florida.

. On September 15, 1971, the Supreme Court remanded the cause to the Circuit Court of Alachua County, Florida, for a trial solely on the issue of penalty. It was at this stage of the proceedings that appellants’ present counsel was appointed to represent appellants.