RAWLS, Chief Judge.
The instant appeal brought by appellant Douglass is a sequel to previous appellate labor involving this same cause.[1]
By this appeal, appellant Douglass contends that the amount determined to be due appellee Hill is not supported by competent substantial evidence. In the initial trial of this cause, issue was joined in the trial court as to the amount due appellee Hill and the trial court found, inter alia:
“7. After considering the total circumstances including the labor of the respective parties, the uncertainties involved, the opportunities to" receive or not to receive remuneration for services performed, the skill employed, the difficulty of the issues, the delicacy of pressing claims against the clergy and the Diocese of a church, the contingent nature of the fees, the responsibility of each to client and cause, and all other matters involved, the Court concludes that a fair apportionment to Hill would be 20% of the entire fruits for all legal services arising out of Mrs. Lomas’ incompetency and guardianship. The total proceeds are $58,892.97, of which 20% is $11,778.-59. As he has received $2,000.00 as mentioned hereinbefore, there is the amount of $9,778.59 remaining.”
However, the trial court concluded that Hill was precluded from sharing in the fee by Canon 19 of the Canons of Professional Ethics for Attorneys.[2] On direct appeal, this Court affirmed the judgment of the trial court on the basis that Canon 19, Canons of Professional Ethics for Attorneys, did indeed prohibit Hill from sharing in the disputed fee. Having arrived at the foregoing decision, this Court did not consider or pass upon Douglass’s cross-assignment of error challenging the above quoted findings by the trial court- as to the amount of the fee which would be due Hill if Hill was in a position to participate in the proceeds.
The next chapter in this cause was written by the Supreme Court pursuant to Hill’s petition for writ of certiorari.[3] The Supreme Court in reversing and remanding this Court’s judgment held, inter alia:
. . we quash the opinion of the district court in the result reached and remand the cause for the award of the $9,778.59 fee to petitioner with legal interest.”
Upon remand, this Court vacated its judgment and opinion and adopted the opinion and judgment of the Supreme Court. Thereupon, the trial court, pursuant to the opinion and mandate of the Supreme Court and the order on mandate of this Court, entered the final judgment now appealed awarding Hill $9,778.59 together with costs.
In the instant appeal, Douglass vigorously argues the factual matters relating to his contention that the evidence is insufficient to support the award in the final judgment appealed. As stated at the outset, this issue was joined during the initial trial of this cause. Although not reached by this Court, presumably same was considered by the Supreme Court in its review of the cause, for it is well settled that once the Supreme Court takes jurisdiction, it disposes of all questions involved in the matter appealed.[4] As we recently held in an analogous factual situation in Wilson v. State,[5] when the Supreme Court makes a finding of fact, “[i]t is noti a prerogative of this Court to reverse a specific finding by the Supreme Court.”
*905 Any grievances appellant has in this cause lie within the bosom of the Supreme Court. The judgment appealed is affirmed.
SPECTOR and JOHNSON, JJ., concur.

. Hill v. Douglass, 248 So.2d 182 (1 Fla.App.1971), and Hill v. Douglass, 271 So.2d 1 (Fla.1972).

. 32 F.S.A., 1970.

. Hill v. Douglass, 271 So.2d 1 (Fla.1972).

. Marley v. Saunders, 249 So.2d 30 (Fla.1971).

. Wilson v. State, 280 So.2d 480, Opinion filed July 17, 1973.