386 So.2d 1287 (1980)
James Lewis DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-920.
District Court of Appeal of Florida, Third District.
August 12, 1980.
Rehearing Denied September 15, 1980.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal and Lawrence J. Stein, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
The issue presented by this appeal from an adjudication of guilt and sentence is whether defendant Davis was deprived of his right to a speedy trial. We hold that defendant was afforded his right to a speedy trial and affirm.
On September 6, 1977, the court accepted a guilty plea from defendant but clearly indicated that if the presentence investigation disclosed facts or circumstances which led the court to conclude the plea bargain was unfair or required a different disposition, the court would rescind its approval. On November 22, 1977, the trial court found the plea unacceptable, but instead of rejecting the plea, the court suggested the defendant undergo an evaluation to determine whether participation in a drug rehabilitation program could be of benefit as a condition of an acceptable plea. The trial court ordered a drug evaluation[1] and postponed sentencing until January of 1978.
No action was taken, in fact, until March, 1978, when defendant tendered a new negotiated plea which contained a special probationary condition that he enter a drug rehabilitation program. In response to the court's questions, however, defendant disclosed an attitude about the use of drugs which was inconsistent with the tendered plea. The court then rejected the plea and set trial for April 3, 1978.
Defendant moved for discharge claiming that the speedy trial requirements of Rule 3.191, Florida Rules of Criminal Procedure, required his trial to have been held no later than November 2, 1977. This motion for discharge was denied, and defendant was tried, convicted, and sentenced. Defendant now appeals his conviction and sentence on the ground that he was deprived of his right to a speedy trial.
Upon the trial court's conditional acceptance of defendant's plea on September 6, 1977, jeopardy attached and the speedy trial rule ceased to apply. See State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978). After the plea had been accepted, defendant was no longer available for trial. When the court later rejected the plea, it properly set trial within a reasonable time. State ex rel. Wilhoit v. Wells, supra. See generally, Butterworth v. Fluellen (Fla. 1980) (Case No. 57,385, opinion filed July 24, 1980). Under these circumstances, defendant was afforded his right to a speedy trial.
The adjudication and sentence are affirmed.
NOTES
[1] This order was later vacated since an evaluation had already been conducted.