386 So.2d 1287 (1980)
Lois WHITE, Etc., Appellant,
v.
ROUNDTREE TRANSPORT, INC., etc., et al., Appellees.
Nos. 79-1229, 79-1361.
District Court of Appeal of Florida, Third District.
August 12, 1980.
Rehearing Denied September 19, 1980.
*1288 Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellant.
Lanza, Sevier & Womack and Mel Lamelas, Coral Gables, for appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This appeal challenges an order distributing attorney's fees between two law firms involved in representing the estate and the survivors of Johnny Clayton White. We reverse.
Lois White, the widow of the deceased and the personal representative of the estate, retained the law firm of Magill, Sevier & Reid, P.A.,[1] to represent her in a wrongful death action. Another attorney, Sam Bloom, pursued a worker's compensation claim on behalf of Mrs. White and also acted as co-counsel on the wrongful death claim. At the initial meeting with her counsel, Mrs. White advised the attorneys that there were two surviving minor children from a prior marriage of Mr. White. The complaint that Bloom and Magill filed in the wrongful death action sought damages on behalf of Lois White and the minor children.
In the meantime, Catherine Hulett, the mother of the two children and former wife of the deceased, retained the law firm of Talburt, Kubicki & Bradley on a 40% contingent fee contract to pursue any claims Hulett or her two children might have as a result of White's death. The Talburt firm pursued a worker's compensation claim on behalf of the children and ultimately intervened in the pending wrongful death action.
Eventually, the Magill firm obtained summary judgments establishing liability against the defendants in the wrongful death action and settled Mrs. White's claim for damages. In resolving the claim of the children, the Talburt firm obtained a settlement of $125,000. Under the 40% contingent fee contract, Talburt had earned a fee of $50,000.
Mrs. White then petitioned the trial court for an allocation of attorney's fees payable to Magill out of the $50,000 contingent fee as compensation for the services Magill performed for the children. After conducting *1289 a hearing, the trial court entered an order to distribute a portion of the fee accruing to Talburt, Kubicki to Magill as the "fair and reasonable value of legal services rendered by Magill on behalf of the minor children." The trial court awarded Magill "50% of the earned fee of the first $50,000 or the sum of $10,000.00 and 25% of the earned fee on the balance of $75,000.00 or the sum of $7,500.00 making a total fee of $17,500.00." The Talburt firm takes this appeal from that order.
An attorney's right to a fee terminates when the attorney realizes or should realize that he cannot ethically represent his client's interests. See Hill v. Douglass, 271 So.2d 1 (Fla. 1972). At the hearing on attorney's fees, Mr. Bloom and an attorney from the Magill firm conceded that there was a conflict in the positions of Mrs. White and the children concerning the division of the worker's compensation award[2] and that a similar conflict became apparent in the wrongful death action as it progressed. There was also evidence that the Magill firm knew or should have known of this conflict from the commencement of the wrongful death action.
The Magill firm is not entitled to any portion of the fee earned by the settlement on behalf of the children. Fla.Bar Code Prof.Resp., Canon 5 and DR5-105.
In light of our disposition of the first issue raised, we need not address the merits of any other points raised on this appeal.
For the foregoing reasons, the order on distribution of fees is reversed.
NOTES
[1] This firm is now known as Lanza, Sevier & Womack, P.A.
[2] See § 440.16(2), Fla. Stat. (1975).