SCHOTT, Judge Presiding.
This is before us on the state’s application from an order granting defendant’s motion to quash the bill of information. The basis for this action was the passage of one year from the granting of defendant’s motion to vacate an earlier plea of guilty without bringing defendant to trial. The following chronology is pertinent:
April 4, 1974 — Bill of information filed against defendant for aggravated burglary.
May 8, 1974 — Defendant pled guilty to simple burglary.
March 11, 1983 — Defendant filed motion to vacate his guilty plea.
April 22, 1983 — Motion to vacate guilty plea granted.
August 10,1984 — Defendant filed motion to quash bill of information which was granted.
After we reviewed the state’s application which appeared to be meritorious defendant was given an opportunity to respond, but he failed to do so.
The trial court apparently based its ruling on C.Cr.P. Art. 582 which requires a second trial to commence within a year from the date a new trial is granted or a mistrial is ordered. However, we do not find this article to be applicable. We are not dealing here with a new trial or a mistrial. Rather, we have a defendant whose case was considered closed by the state just thirty-four days after prosecution was instituted and suddenly came back to life almost nine years later.
Under C.Cr.P. Art. 578(2) commencement of this defendant’s trial was mandated within two years from the institution of prosecution on April 4, 1974. Since defendant made prosecution unnecessary by his plea of guilty the state was relieved of the obligation to bring him to trial. When his plea of guilty was ordered withdrawn, the obligation to prosecute was reimposed on the state but to the same extent and under the same conditions as were in effect before he pled guilty. Thus, when the plea of guilty was ordered withdrawn the state had two years under Art. 578(2) to commence trial less the thirty-four days which had elapsed between institution of prosecution and his guilty plea. When defendant filed his motion to quash, the state still had until sometime in March, 1985 to commence defendant’s trial.
Accordingly, the order of the trial court dated August 10, 1984 granting defendant’s motion to quash bill of information is reversed and set aside, and the case is remanded to the district court for further proceedings.