555 So.2d 957 (1990)
Renee ADAMS, Appellant/Cross Appellee,
v.
MONTGOMERY, SEARCY & DENNEY, P.A., Patricia Adams, As Personal Representatives of the Estate of Glenn T. Adams, Decedent, and Montgomery, Searcy & Denney, P.A., Appellees/Cross Appellants, and City of Boynton Beach and Paul Sheridan, Appellees.
No. 88-0023.
District Court of Appeal of Florida, Fourth District.
January 24, 1990.
Richard E. Shuby and Gregg J. Ormond of Gregg J. Ormond & Assocs., P.A., Coral Gables, for appellant/cross appellee.
Philip Burlington of Edna L. Caruso, P.A., and Montgomery, Searcy & Denney, P.A., West Palm Beach, for appellees/cross appellants-Montgomery, Searcy & Denney, P.A.

ON REHEARING
GARRETT, Judge.
We grant the motion for rehearing filed by appellee, Montgomery, Searcy & Denney, *958 P.A., and substitute the following opinion:
Decedent's daughter appeals the trial court's post settlement order directing attorneys' fees be paid by the personal representative and deducted pro rata from appellant's share of the settlement proceeds.
Glenn T. Adams was killed working as a confidential informant with the Boynton Beach Police Department. His second wife and a child from each of his two marriages survived him. The widow engaged appellees to represent her and her son in a wrongful death action. Through an out-of-state attorney, appellant contacted appellees to see if they would also represent her. Appellees refused. They felt appellant's claim was worthless since it could be shown that the decedent had neglected her. Appellant then incurred legal expenses by retaining a Florida attorney, who petitioned for intervention and asked appellees to keep him abreast of settlement negotiations. Appellees never responded until just prior to settlement when they amended the complaint to include appellant.
The court approved the $225,000 settlement but did not consider apportionment to the survivors. After the court's approval, appellant was bound by the terms of the settlement agreement. At the apportionment hearing, the court awarded appellant $25,000. After the distribution, appellees petitioned for attorneys' fees of 25% of appellant's award and costs of $1,100. Appellees argued for fees and costs under Section 768.26, Florida Statutes (1987) and the "common fund rule."[1] The trial court ordered appellees be paid $6,250 as attorneys' fees and 11% of all costs (except attorney travel expenses) from appellant's award. Appellant appeals the order and appellees cross appeal for the travel expenses.
We affirm the cross appeal. We reverse the order awarding appellees attorneys' fees. Appellees and appellant did not have a fee agreement. Appellees did not want to represent appellant. A conflict existed between the interests of appellees' clients and appellant. Appellees, by ignoring appellant, prevented her from contributing to the lawsuit. Appellees did not include appellant in the settlement negotiations. At the apportionment hearing, appellees argued that appellant should receive nothing.
An attorney's right to a fee terminates when the attorney realizes or should realize that he or she cannot ethically represent his or her client. White v. Roundtree Transport, Inc., 386 So.2d 1287 (Fla. 3d DCA 1980). The conflict arose before appellees made appellant part of their client's lawsuit and continued thereafter. After the conflict, no attorney-client relationship could have been ethically established between appellees and appellant especially without her knowledge and consent.
The "common fund rule" requires "the existence of a class which received, without otherwise contributing to the lawsuit, substantial benefits as a result of the litigation." Fidelity & Casualty Co. of New York v. O'Shea 397 So.2d 1196 (Fla. 2d DCA 1981). Although appellant received substantial benefits from the lawsuit, she could not contribute to it because the appellees would not let her. Appellees hoisted themselves on their own petard.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
ANSTEAD, J., concurs.
LETTS, J., dissents without opinion.
NOTES
[1] The rule permits the award of attorney's fees from a fund which has been benefited by the rendering of legal services. Estate of Hampton, 341 So.2d 759, 761 (Fla. 1976).