792 So.2d 1 (2001)
STATE ex rel. Ardis ALLEN
v.
STATE of Louisiana.
No. 2000-KH-0220.
Supreme Court of Louisiana.
May 11, 2001.
*2 Writ granted; guilty plea vacated; case remanded. The guilty plea colloquy and post-conviction hearing transcripts show that relator pled guilty in reliance on the district court's promise, endorsed by the state and defense counsel, to impose an illegally lenient sentence which omitted any restriction on the availability of parole, see R.S. 14:27(D)(1); R.S. 14:30, and which suggested that relator would receive early release. However, a relator cannot serve that sentence as imposed under R.S. 15:301.1, 1999 La. Acts 94, which may apply retroactively to him. See generally State ex rel. Olivieri v. State, 00-0172, p. 15-16 (La.2/21/01), 779 So.2d 735, 744-45. Relator also may not receive early release because of his criminal history. See R.S. 15:574.4(A)(1). R.S. 15:571.3(B). Accordingly, the plea is vacated and the case remanded to give relator the opportunity to plead anew and proceed to trial if he chooses to plead not guilty. See State v. Galliano, 396 So.2d 1288, 1291 (La.1981); State v. Beatty, 391 So.2d 828, 831 (La. 1980).