871 So.2d 1097 (2004)
STATE of Louisiana
v.
Ardis ALLEN.
No. 2003-KK-2815.
Supreme Court of Louisiana.
April 23, 2004.
*1098 Charles C. Fonti, Jr., Attorney General, John Marvin, District Attorney, Jeffrey S. Cox, Patrick R. Jackson, for applicant.
Darren C. Giles, for respondent.
CALOGERO, Chief Justice.[*]
We granted this writ application filed by the State of Louisiana to determine whether the two-year time limit for commencing trial in non-capital felony cases set by La. Code Crim. Proc. art. 578[1] is interrupted pursuant to La.Code Crim. Proc. art. 579,[2] suspended pursuant to La.Code Crim. Proc. art. 580,[3] or neither interrupted nor suspended, when the defendant pleads guilty in accord with a plea agreement negotiated with the State and that guilty plea is later set aside.
For the reasons set forth below, we conclude that the guilty plea under the circumstances of this case suspended the running of the time period for commencing trial. Therefore, under Article 580, the State had the remainder of the two-year time limit set forth in Article 578, but no less than one year, from the date this court's judgment vacating the guilty plea became final, in which to commence trial.

FACTS AND PROCEDURAL HISTORY
The charges against the defendant arose out of an incident in September of 1996 at a small grocery store in Haughton, Louisiana. The defendant and his stepbrother, Russell Jason Allen, arrived at the store in Russell's truck. Russell remained in the truck while the defendant entered the store armed with a gun. When the defendant demanded money and threatened to kill the two store employees, one of them pulled her gun and shot the defendant in the upper torso. The defendant shot his gun several times, striking that employee in the arm and causing a flesh wound. The defendant was rendered a paraplegic by his injury.
The defendant and his stepbrother were charged together in two bills of information with two counts of attempted armed robbery and two counts of attempted first degree murder. Both bills of information were filed on December 13, 1996.
*1099 The defendant's stepbrother had previously been charged in a third bill of information with being an accessory after the fact to armed robbery. This charge was made on the basis that Russell had allegedly dragged the injured defendant from the scene, transported him back to their hometown of Benton, cleaned blood from his truck, put blood in the defendant's car, hid the gun, and initially lied to police about the incident when they arrived at the family's mobile home. Russell, when confronted with facts that did not correspond with his story, confessed his and the defendant's involvement in the armed robbery and shooting at the store. The defendant later confessed at the hospital to his involvement in the crime.
On April 8, 1997, less than four months after he was charged, the defendant entered a plea of guilty to one count of attempted first degree murder. Pursuant to the plea agreement negotiated between the defendant's counsel and the prosecution, the State dismissed the two attempted armed robbery counts and the remaining attempted first degree murder count in exchange for the defendant's guilty plea, a "straight" sentence of thirty years at hard labor, and the defendant's promise to testify against his stepbrother on behalf of the State.
In June of 1997, the defendant obtained a copy of the transcript of his guilty plea colloquy. On February 24, 1998, he filed an application for post-conviction relief challenging the validity of his guilty plea. After years of litigation, the defendant obtained relief on May 11, 2001, when this court granted his writ application and vacated the guilty plea on the basis that the defendant had entered his plea of guilty in reliance upon the district court's promise to impose a sentence rendered illegally lenient by design because it omitted any restriction on the availability of parole, a sentence relator could not by law serve as imposed. State ex rel. Allen v. State, 00-0220 (La.5/11/01), 792 So.2d 1. This court remanded the matter to the district court "to give relator the opportunity to plead anew and proceed to trial if he chooses not to plead guilty." Id.
The court's order vacating the guilty plea became final on May 25, 2001, when the State did not seek a rehearing within the time period set forth in La. Sup.Ct. Rule IX, § 1. Approximately thirteen months later on June 27, 2002, the defendant pro se filed a motion to quash the bill of information and to be released from custody, asserting the State had failed to commence trial against him within one year of the finality of this court's decision as required by La.Code Crim. Proc. art. 582.[4] The district court on August 26, 2002, denied the motion to quash, concluding the State has two years from May 25, 2002, in which to proceed.
The court of appeal, after several refusals to entertain the defendant's writ application, eventually granted the writ and made it peremptory. The court of appeal, in an unpublished order, found the district court had erred in denying the motion to quash, and reversed. 38,081 (La.App. 2 Cir. 9/18/03). This court granted the State's writ application to review that decision. State v. Allen, 03-2815 (La.11/7/03), 857 So.2d 507.

DISCUSSION
Chapter 2 of Title XVII of the Code of Criminal Procedure governs the time limitations *1100 upon trial of the accused. For the non-capital felonies with which the defendant has been charged in the instant case, the State had two years from the institution of prosecution to commence trial. La. Code Crim. Proc. art. 578(2). As set forth in Note 1, the Code of Criminal Procedure identifies the specific circumstances when this time limitation may be interrupted, La.Code Crim. Proc. art. 579, or suspended, La.Code Crim. Proc. art. 580. Article 582 of the Code of Criminal Procedure governs the time limitation for commencing a new trial when the defendant "obtains a new trial or there is a mistrial...." La.Code Crim. Proc. art. 582. In those circumstances, "the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is granted, or within the period established by Article 578, whichever is greater."
The question before the court is: what effect did the defendant's guilty plea have upon the running of the time limitation set forth in Article 578? The defendant is seeking to have the charges against him quashed because, he asserts, the State failed to commence trial within one year as required by Article 582 after his guilty plea was set aside by this court. Implicit in the defendant's argument is the assumption that the guilty plea is equivalent to a trial and thus does not interrupt or suspend the running of the time limitation of Article 578 for commencing trial, such that the two-year time period had expired and the State had only one year from the date of the finality of this court's judgment in which to commence trial. The State asserted in the district court that Article 582, which applies to a new trial after a defendant has been tried and the conviction has been reversed on appeal, or a mistrial has been declared, is not applicable in this case, because the defendant was not tried; he pleaded guilty.
Turning first to whether Article 582 applies to the facts of this case, we conclude that Article 582 does not so apply. By its own language, Article 582 presumes either that the defendant has been tried and a new trial has been granted (whether by an appellate court or the district court), or that the trial against the defendant was commenced and a mistrial was declared. In either case, "the second trial" must commence within one year from the date the new trial is granted or the mistrial ordered, or within the time period set forth in Article 578, whichever is greater. La.Code Crim. Proc. art. 582. Article 582, therefore, applies only when a trial has commenced and either it was completed or a mistrial ended it prematurely. A guilty plea, while it results in a conviction, is not a trial, such that the defendant does not obtain a "new" trial if the guilty plea is vacated. Instead, the defendant is merely allowed to plead anew and the State may then proceed to trial if the defendant pleads not guilty, as we acknowledged he might in our order vacating the defendant's guilty plea.
We agree with the reasoning of the Louisiana Fourth Circuit in State v. Barksdale, 459 So.2d 554, 555 (La.App. 4th Cir.1984), a case directly on point that held Article 582 does not apply when the defendant pleads guilty and is later granted permission to withdraw his guilty plea. In Barksdale, the defendant pleaded guilty barely one month after the bill of information was filed, but some nine years later he was allowed to withdraw that plea. Over one year after that order, the defendant filed a motion to quash asserting the State had failed to commence trial within one year. The court of appeal declined to apply Article 582, reasoning that the situation did not involve a new trial or mistrial; instead, the defendant's case had been *1101 closed by the State shortly after prosecution was instituted, and was revived nearly nine years later. In the instant case, too, there is no new or mistrial situation; thus, Article 582 governing the effect of the ordering of a new trial on the time limitation for commencing a second trial does not apply.
Because we decline to equate a guilty plea with a trial for purposes of the speedy trial statutes, the issue remains whether the guilty plea serves either to interrupt or to suspend the running of the time limitation set forth in Article 578 for commencing trial. Though the State in its argument to the district court used the word "interrupts," it actually asserted that the running of the twenty-four-month time period in Article 578 was effectively suspended when the defendant entered his plea of guilty four months after the bill of information was filed. The State argued in the district court that it therefore had the remainder of that time, or some twenty months, from the date this court's decision became final in which to commence trial. The district court, however, concluded that the two-year time period of Article 578 began to run anew when this court's decision to vacate the guilty plea became final; thus, the district court implicitly found that the guilty plea interrupted the running of the time limitation, allowing the State another twenty-four months in which to commence trial.
The court of appeal, however, ruled for the defendant and reversed the district court's ruling denying the motion to quash, concluding that the State had one year from May 25, 2001, in which to commence trial and that it had failed to do so. The appellate court rejected the State's argument that the "trial, appeal, and subsequent [post-conviction relief] applications interrupted" the time period of Article 578. We note, however, that the defendant was not tried, and there was no direct appeal, so the reasoning of the court of appeal seems erroneous. Furthermore, the court of appeal cited State v. Harris, 29,574 (La. App. 2 Cir. 5/7/97), 694 So.2d 626, which held that a conviction and the defendant's subsequent efforts to overturn it on direct appeal neither suspend nor interrupt the running of the time limitation of Article 578. The Harris case is inapposite, however, because the defendant there had been tried by a jury and convicted of manslaughter before he successfully overturned the conviction on appeal.
Nonetheless, the question before us remains to be answered, that is, what effect did the defendant's guilty plea, entered just four months after institution of prosecution, have upon the time limitation for commencing trial set forth in Article 578? After our review of the law and the circumstances of this case, we find merit to the State's argument, as advanced in the district court, that the guilty plea effectively suspended the running of the Article 578 time limitation, such that the district court's ruling denying the motion to quash was correct, and thus the court of appeal erred in reversing that ruling.[5]
*1102 The guilty plea in this case did not serve to interrupt the Article 578 time limitation for commencing trial pursuant to Article 579(A). While in general a guilty plea is a voluntary plea by the defendant and has the effect of preventing the defendant from being tried, the guilty plea here did not result from a "cause beyond the control of the state." La.Code Crim. Proc. art. 579(A)(2). The State participated in the plea negotiations and, in exchange for the defendant's guilty plea and the promise of his testimony against his co-defendant, entered a nol prosequi for two counts of attempted armed robbery and one count of attempted first degree murder. Thus, the defendant's guilty plea under the circumstances of this case was not a cause beyond the control of the State that served to prevent it from bringing the defendant to trial.
Instead, we hold that the defendant's guilty plea suspended the running of the Article 578 time limitation for commencing trial in the manner that "a motion to quash or other preliminary plea" would do pursuant to Article 580. For purposes of Article 580, a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial. State v. Brooks, 02-0792, p. 6 (La.2/14/03), 838 So.2d 778, 782; State v. Cranmer, 306 So.2d 698, 700 (La.1975); State v. Elfert, 247 La. 1047, 175 So.2d 826, 828 (1965). Such pleadings, we have found, include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. State v. Brooks, 02-0792, p. 6, 838 So.2d at 782; State v. Brooks, 505 So.2d 714, 725 (La.1987); State v. Fabacher, 362 So.2d 555, 556 (La. 1978). The defendant's guilty plea, in our view, effectively served to "delay," forego, or continue the trial, when later the defendant succeeded in being allowed to withdraw his plea of guilty and to plead anew.
Our holding is supported by the analysis of the Louisiana Fourth Circuit in Barksdale, which, as noted above, was confronted with the same question before this court today. The Barksdale court reasoned that, since the defendant had made the prosecution unnecessary by his guilty plea, the State was relieved of its obligation to bring the defendant to trial at that time. When that plea of guilty was ordered withdrawn, the court of appeal reasoned, "the obligation to prosecute was reimposed on the state but to the same extent and under the same conditions as were in effect before he pled guilty." 459 So.2d at 554. The court concluded that, when the guilty plea was ordered withdrawn, the State had two years under Article 578(2) to commence trial less the thirty-four days that had elapsed between the institution of prosecution and the defendant's guilty plea. Id. Thus, the Barksdale court implicitly found that the guilty plea had suspended the running of the Article 578 time limitation in the manner of a preliminary plea under Article 580.
The Colorado Supreme Court, confronted with the effect of a guilty plea on speedy trial statutes, was more specific, but its reasoning in a seminal case also supports our holding today. In People v. Madsen, 707 P.2d 344, 346 (Colo.1985), the *1103 court found that the period between the acceptance and withdrawal of the guilty plea is appropriately viewed as both (1) a continuance requested by the defendant, thus the time for commencing trial was tolled during the interregnum, and (2) a delay at the defendant's instance, thus the time for commencing trial began to run anew when the plea was allowed to be withdrawn. The Colorado Supreme Court in Madsen reasoned that a guilty plea is "within the defendant's control and may be used to halt the progress of the prosecution at the behest of the defendant...." Id. There, the defendant pleaded guilty after a trial date had been scheduled and was subsequently permitted to withdraw his plea because the trial court rejected the parties' sentencing agreement that the defendant be placed on probation. Trial was again set, and prior to commencement of trial, the defendant moved to dismiss the charges against him for the reason that the state had failed to bring him to trial within six months, as provided by statute. The Colorado Supreme Court, citing the Louisiana Fourth Circuit's Barksdale case and Davis v. State, 386 So.2d 1287 (Fla.App.1980), observed that "a plea of nolo contendere ends the obligation of the prosecutor and the court to bring the defendant to trial." Id. The Colorado court reasoned:
Therefore, neither the prosecutor nor the court will take any further steps to ensure that the defendant is brought speedily to trial. If the period between the plea and the withdrawal of the plea were counted as part of the speedy trial period, the defendant could enter a plea near the end of his speedy trial period, wait for the period to run, and then obtain the consent of the trial court to withdraw his plea, resulting in a dismissal of the charges against him.
Madsen, 707 P.2d at 346 (citations omitted).

CONCLUSION
We find the defendant's guilty plea, which was later ordered set aside by this court, suspended pursuant to La.Code Crim. Proc. art. 580 the running of the time limitation for commencing trial set forth in La.Code Crim. Proc. art. 578(2). The defendant's guilty plea effectively served to continue or delay his trial and to relieve the State, at least until the guilty plea was later allowed to be withdrawn, of its obligation to bring the defendant to trial within two years of the institution of prosecution. Therefore, the two-year time limitation was suspended when the defendant entered his plea of guilty on April 8, 1997, and commenced to run again on May 25, 2001, when this court's order setting aside the guilty plea became final. From the date of finality, the State had the remainder of the twenty-four-month time period in which to commence trial, minus the approximately three and one-half to four months that had elapsed between the institution of prosecution on December 13, 1996, and the entry of the defendant's guilty plea on April 8, 1997. Accordingly, when the defendant filed his motion to quash on June 27, 2002, the time limitation of Article 578(2) had not expired and the State had some seven months of the two-year period remaining in which to commence trial. The district court, consequently, did not err in denying the defendant's motion to quash. The court of appeal judgment is therefore reversed, and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Judge Fred C. Sexton, retired, sitting ad hoc for Associate Justice Chet D. Traylor, recused.
[1] With respect to non-capital felonies, La. Code Crim. Proc. art. 578(2) provides that the trial shall be commenced within two years of the date of institution of the prosecution.
[2] La.Code Crim. Proc. art. 579(A) provides that the time limitation set forth in Article 578 may be interrupted under the following circumstances:

(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
Article 579(B) further provides that the time limitation of Article 578 will "commence to run anew from the date the cause of interruption no longer exists."
[3] La.Code Crim. Proc. art. 580 provides that, "[w]hen a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon...." Article 580 further provides that the State shall have "no less than one year after the ruling to commence the trial."
[4] La.Code Crim. Proc. art. 582 provides that, "[w]hen a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer."
[5] The State in argument before this court does not make the same argument it made in the district court, and it skirts the issue of whether the guilty plea interrupts or suspends the time limit of Article 578. In its brief, the State primarily asserts that this court in 2001 wrongly vacated the defendant's guilty plea and sentence, and thus invites this court to reconsider that ruling. However, our order of May 11, 2001, became final on May 25, 2001, when the State chose not to ask for a rehearing, and the principles of res judicata bar what amounts to a collateral attack on the order over two years after the court issued it.

Also without support is the State's alternative contention, advanced for the first time at oral argument, that the prescriptive period was already suspended when the defendant entered his guilty plea because he had previously moved for discovery on January 2, 1997. According to the record, however, that motion was filed by the co-defendant. The defendant's counsel did file a motion on his behalf on January 9, 1997, but the district court, according to the case minutes, on January 22 and January 27, 1997, respectively deemed discovery and inspection to be satisfied as to the co-defendant and the defendant. Because the court had ruled on the discovery motions, the time period was no longer suspended when the defendant entered his plea of guilty on April 8, 1997.