PALMER, J.
Attorney James T. Butler appeals the trial court’s final summary judgment which ruled that, due to a conflict of interest, Butler can not recover any attorney’s fees from Richard T. Fero on a settlement agreement reached on the Fero family’s personal injury lawsuit. Since the trial court failed to set forth sufficient factual findings as to how and when an actual conflict of interest arose between Butler and the Feros, this court is unable to fully review the correctness of the trial court’s ruling. Accordingly, we vacate the instant order and remand this matter to the trial court for entry of a proper order.
*1219 The Fero family was involved in a tragic automobile accident. As a result of the accident, Nathan Ryan Fero was killed. Richard T. Fero (father) sustained injuries rendering him a paraplegic. Elizabeth Fero (mother) also sustained injuries in the accident, although not as severe as the father’s injuries. Two other sons, Jacob and Richard, also sustained injuries.
Shortly after the accident, the family retained the services of Attorney James T. Butler to represent them in a personal injury lawsuit. Notably, the Feros signed three fee and costs agreements with Butler. One fee agreement was signed on behalf of the estate of Nathan Ryan Fero. Another fee agreement was signed by the mother and father, and a third fee agreement was signed on behalf of Jacob and Richard.
Butler, acting on behalf of the entire Fero family, filed a negligence suit against several defendants. Of importance to this appeal, after reaching small settlements with several of the defendants, three defendants remained in the lawsuit: (1) Larry Glenn Walker-Alan Ritchey, Inc. (Walker-Ritchey); (2) White Construction Company; and, (3) Greenhorne & O’Mara, Inc.
Prior to trial, Walker-Ritchey and White Construction Company reached a settlement with the Feros for a total of $5,400,000. However, during the apportionment negotiations, a dispute arose between the father and mother regarding the distribution of the settlement proceeds. Ultimately, the parties signed an agreement regarding the distribution. The mother also agreed that she, Jacob, and Richard would drop out of the lawsuit against the remaining defendant, Green-horne & O’Mara, and allow only the father and Nathan’s estate to proceed with that claim. At the conclusion of the trial on that claim, the jury returned a verdict finding no negligence on the part of Green-horne & O’Mara which was the legal cause of any injury to the father or the death of Nathan. As a result, the father recovered nothing on that claim.
Subsequently, Walker-Ritchey filed a motion to enforce settlement and for entry of an order of dismissal of the Feros’ claims, alleging that the Feros had failed to execute the releases in accordance with the parties’ settlement agreement. In response, Attorney Butler filed a motion alleging that the father was not cooperating with Butler concerning the disbursement of certain settlement funds and that the father was refusing to endorse certain checks received from the defendants.
Thereafter, the father filed a pro se motion alleging for the first time that Butler had a direct and irreconcilable conflict of interest regarding the proposed distribution of settlement funds. The father claimed that a conflict of interest existed between himself and the mother due to the fact that a divorce proceeding was initiated in 1999. He alleged that, despite the existence and continuation of the conflict of interest among the plaintiffs in this case, no effective disclosure of the conflict was made to the Feros by Butler and no knowing waiver of the conflict was obtained by Butler from the Feros. The father claimed that the existence of the conflict of interest raised a serious question as to whether Butler was entitled to receive his attorney’s fee for any sums collected by the father from the Walker-Ritchey and White Construction.
Butler responded claiming that he was entitled to receive his attorney’s fees on the father’s recovery from the Walker-Ritchey and White Construction settlements because the father had signed a valid fee contract for his services. Further, Butler alleged that he had represented the Feros, including the father, for five *1220 years without conflict, and that he believed the father was raising his claim of a conflict on interest in an attempt to avoid paying Butler his rightfully earned attorney’s fees. Butler also filed a motion to withdraw from the representation of the entire Fero family based on the father’s allegations of a conflict of interest.
The trial court held an evidentiary hearing on the issue of whether a conflict of interest existed between the father and the mother, and whether Butler should have obtained a waiver of said conflict.
At the hearing, the father testified that Butler failed to advise him that there was a potential conflict of interest between himself and the mother. He stated that he told Butler that he was dissatisfied with the apportionment of the Walker-Ritehey and White Construction settlements and that he never freely agreed on same. He testified that Butler pressured him hard to accept the apportionment offer made by the other family members. He further testified that Butler told him that if he did not accept the settlement offer then the mother would not testify favorably for him if he went to trial against Greenhorne & O’Mara. The father admitted that he did initial the settlement allocation agreement, signifying that he agreed to it.
At the conclusion of the hearing, the trial court entered an order which found:
1. A “conflict of interest” as contemplated by Rule 4-1 et al of the Florida Bar Rules of Professional Conduct, as to the White Construction and Walker-Rit-chey settlements, existed at all pertinent times between movant James T. Butler and his clients under their employment contracts (Movant Exhibit No.l) and he (Butler) failed to resolve sch [sic] conflict as required under said Rule; ...
More than eighteen months later, the father filed a motion for summary judgment seeking to have all of Butler’s attorney’s fees forfeited. He argued that forfeiture was warranted because, under Florida law, an attorney who fails to obtain a waiver of a conflict of interest forfeits his right to receive any fees received after the conflict of interest arises. Butler filed a counter motion for summary judgment seeking payment of his attorney’s fees. After conducting a hearing on the motions, the trial court entered a final summary judgment finding that Butler shall not recover any attorney’s fees from the father’s portion of the settlements with Walker-Ritehey and White Construction Company.
Butler challenges the trial court’s order claiming that no conflict of interest existed in his representation of the Fero family. Butler further maintains that, even if a conflict existed, he is entitled to recover the fees he earned up until the time that the conflict of interest arose. Butler also contends that the trial court erred by not specifically finding exactly how and when the conflict arose, but instead, just finding that the conflict existed “at all pertinent times.”
In order to analyze Butler’s appeal, the first order that must be considered is the trial court’s order concerning the eviden-tiary hearing on the issue of whether a conflict of interest existed.
The trial court’s findings of fact indicate that the conflict between the father and mother arose during the Walker-Ritehey and White Construction apportionment negotiations — -not at any time prior to these negotiations. Therefore, the father’s argument that the conflict began when he filed for divorce was apparently rejected by the trial court. However, the trial court failed to specify exactly how or when the conflict arose, other than to say that it existed “at all pertinent times.” Having failed to articulate exactly when the conflict arose, and the event or events *1221 that caused the conflict to arise, the trial court made it impossible for this court to effectively review the propriety of the court’s findings. Accordingly, we remand this matter for the entry of a detailed order specifying the date on which the conflict arose and the event or events which caused the actual conflict to arise.
Even if we were able to determine how and when the actual conflict of interest arose, that determination would not, as a matter of law, preclude Butler from receiving any attorney fee.
In his motion for summary judgment, the father relied on White v. Roundtree Transport, Inc., 386 So.2d 1287 (Fla. 3d DCA 1980), to support his argument that an attorney who fails to obtain a waiver of a conflict of interest forfeits his entitlement to recover any fees received after the conflict of interest arises. However, the actual holding of that case was that an attorney’s right to recover a fee terminates when he realizes or should have realized that he cannot ethically represent his client’s interests.
In White, the Third District relied on Hill v. Douglass, 271 So.2d 1 (Fla.1972) to support its holding that an attorney’s right to recover a fee terminates when the attorney realizes or should have realized that he cannot ethically represent his client’s interests. In Hill, the Supreme Court held that an attorney is entitled to recover a reasonable fee for work performed prior to learning in good faith, or at such a point as he should have learned, that he would probably become a witness in the matter precluding continuing representation, and not to share in any portion of the fee thereafter. Thus, Hill stands for the proposition that an attorney is entitled to receive a fee for the work performed up to the time the attorney realizes or should have realized that a conflict of interest arose which would preclude him from continuing to represent his clients. As such, Butler is clearly entitled to recover the fees earned up until the date the conflict of interest between the father and mother arose. Accordingly, the trial court must determine and award, on a quantum meru-it basis, the amount of the fee Butler earned up until that date. Id. See also Adams v. Montgomery, Searcy & Denney, P.A., 555 So.2d 957 (Fla. 4th DCA 1990) (holding that attorney’s right to recover a fee terminates when attorney realizes or should have realized that he cannot ethically represent his client). Compare Pessoni v. Rabkin, 220 A.D.2d 732, 633 N.Y.S.2d 338 (N.Y.App.Div.1995) (explaining that a violation of New York’s disciplinary rule results in the forfeiture of attorney’s fees).
VACATED and REMANDED.
LAWSON, J., and SHARP, W., Senior Judge, concur.