**In re Gregory W. BAGEN, et al., Debtors.**

**Paul L. BANNER, Trustee,**

v.

**Gregory W. BAGEN, Debtor (Two Cases).**

Bankruptcy No. 92–32517.
Adv. No. 94–7079 (JEB).
Nos. 95 Civ. 9269 (CLB),
96 Civ. 2329 (CLB).

United States District Court,
S.D. New York.

Sept. 24, 1996.

Gregory W. Bagen, Brewster, NY, Pro se.

Banner & Banner (Andrew Spitz, of counsel), Poughkeepsie, NY, for Paul L. Banner.

BRIEANT, District Judge.

Before this Court are two appeals, which the Court now consolidates, from orders, upon a decision and on reargument made by the Bankruptcy Court (Hon. Jeremiah E. Berk, Bankruptcy Judge). The appellant-defendant, Gregory Bagen, who is an attorney, filed a joint petition with his wife on October 7, 1992, for relief under Chapter 7 of the Bankruptcy Code. At the time of the bankruptcy filing, Mr. Bagen was the attorney of record for a number of plaintiff clients with personal injury actions pending in state courts. His pre-petition retainer contracts provided for payment of fees to him contingent upon settlement or recovery in those actions. At the commencement of his bankruptcy case, these lawsuits were in various stages of litigation, from initial discovery to appeal. (See Defendant–Appellant's Brief at p. 3).

The Chapter 7 Bankruptcy Trustee, plaintiff-respondent Banner, brought action under § 541 of the Bankruptcy Code to recover only those fees attributable to Bagen's pre-petition services, which were or would be paid post-petition. Bagen moved to dismiss, contending that he had no pre-petition right to payment under the contingent fee contracts and, thus, any fees subsequently paid to him on the contracts were not property of the bankruptcy estate.

The Bankruptcy Court denied Bagen's motion and adhered to its decision on Reargument. The facts are not in dispute. Pre-petition retainer agreements executed by the Debtor with his clients provided for payment of attorney's fees to him contingent upon settlement of or recovery in the action and did not grant to the attorney any proportionate share of the recovery by assignment or otherwise.

In his original opinion reported at 186 B.R. 824 (S.D.N.Y.1995), Judge Berk held that the pre-petition contingent contractual right of an attorney to receive a percentage of any recovery in personal injury cases which have not yet been brought to trial or settled, is property of the Estate to the extent earned pre-petition, and that the Estate's interest in any future payment, "includes the entire sum paid less the amount attributable to services rendered post-petition."

The analysis by the Bankruptcy Judge is regarded as correct. Under the new Bankruptcy Code, Congress intended property of the estate to include all interests

of a debtor, including a debtor's contingent contract right to future payments. This is so notwithstanding that additional professional services would have to be rendered before any fees would become due, and that the right to be paid might be defeated.

The Debtor argues that his right to the fees would be extinguished if he abandoned the case or was discharged for cause. A short answer to this argument is that at least in the cases where the fees are at issue in this matter, the Debtor was not discharged by the client for cause, and did in fact complete the work, or is engaged in doing so.

The caselaw in New York protects the quantum merit interests of a contingent fee lawyer in the event of his death prior to any recovery, discharge by the client without cause, and even in cases of suspension or disbarment where the disciplinary action has nothing to do with the retainer agreement under consideration. The Bankruptcy Code intends to recognize economic realities, and the economic realities are that the work already done on open cases had an economic value at the time of the filing of the petition, notwithstanding that collection of the fee could be subject to defeasance for a vast number of reasons, including neglect to complete the work, discharge for cause, or just losing at trial.

Assuming appealability, a point not briefed, both orders appealed from are affirmed essentially for the reasons set forth by the Bankruptcy Judge.

SO ORDERED.