In re Dudley D. ALLEN, Debtor.

Valerie Hall MANUEL, as
Trustee, Plaintiff,

v.

Dudley D. ALLEN and Dudley D.
Allen, P.A., Defendants.

Bankruptcy No. 96–565–BKC–3P7.
Adversary No. 97–31.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 17, 1998.

Raymond R. Magley, Smith, Hulsey & Busey, Jacksonville, FL, for Plaintiff.

Richard R. Thames, Stutsman & Thames, P.A., Jacksonville, FL, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon a Complaint to avoid a post-petition transfer under 11 U.S.C. § 549, and to recover the value of the property transferred pursuant to 11 U.S.C. § 550. The plaintiff seeks in the alternative to (1) avoid the transfer as a fraudulent transfer under 11 U.S.C. § 544 and Fla. Stat. § 726; or (2) assert a quantum

meruit claim for the recovery of the value of the defendant's services rendered prepetition. After a trial on November 12, 1997, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Defendant, Dudley D. Allen (Debtor), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 2, 1996.

2. The relevant facts in this proceeding concern a Contract Employing Attorney entered into on June 12,1993, between the firm of Williams & Miller and James T. Ray, in which Mr. Ray retained Williams & Miller to represent him in a personal injury claim against CSX Transportation, Inc. (Pl.Ex. 1–19.)

3. Pursuant to the contract, Mr. Ray agreed to pay Williams & Miller 33⅓% of any recovery obtained, in addition to any expenses incurred during the lawsuit. The contract also provided for the employment of "Dudley D. Allen", who was to receive one third of the fee received by Williams & Miller.

4. The contract at issue was separated into two parts. The first set of provisions dealt with the employment of Williams & Miller, the second with the employment of the debtor, a Statement of Client's Rights, and consequences of cancellation of the contract.

5. Mr. Ray's signature appeared twice on the contract: once below the provisions regarding the employment of Williams & Miller, and again below the final section of the contract.

6. Eugene Williams signed beneath the first part of the contract, and Debtor beneath the latter part.

7. The debtor signed the contract "Dudley D. Allen", and the name "Dudley D. Allen" was typed below the signature line.

8. At the time he signed the agreement the debtor was an attorney in the firm Wilbur & Allen, a Florida general partnership.

9. On June 22, 1993, a complaint was filed against CSX in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, on behalf of Mr. Ray. (Pl.Ex. 1–20.)

10. On November 9 or 10, 1995, while his case was still pending before the Circuit Court, Mr. Ray discharged the firm of Williams & Miller. He subsequently retained the firm of Blalock, Blalock & Oros on December 9, 1995, to represent him in the suit against CSX. (Pl.Ex. 1–26.)

11. Throughout the period of time following the discharge of Williams & Miller and preceding the petition date, the debtor continued to represent Mr. Ray.

12. In March, 1995, the debtor established Dudley D. Allen P.A. (P.A.), in which he was the sole shareholder, officer, and director. The P.A. and Debtor entered into an employment agreement on March 27, 1995. (Pl.Ex. 1–13.)

13. The debtor was contacted by Michael D. Blalock, of the firm Blalock, Blalock & Oros, by letter dated December 6, 1995, regarding the representation of Mr. Ray. (Pl. Ex. 1–23.) The debtor corresponded with Mr. Blalock and requested that a new contingency fee contract with Mr. Ray be prepared utilizing the name Dudley D. Allen, P.A. (Pl.Ex. 1–24, 1–25.)

14. On February 2, 1996, a Contract Employing Attorney was signed by Mr. Ray and by Debtor, on behalf of the P.A.

15. The Complaint in this proceeding was filed on January 31, 1997. The trustee seeks to recover the value of the debtor's services rendered to Mr. Ray prior to the filing of the debtor's petition in bankruptcy.

16. In March, 1997, Mr. Ray and CSX entered into a settlement agreement pursuant to which Mr. Ray received $690,000.00. Of this amount, the P.A. received $65,889.18 in fees and $989.18 in costs. After remitting the portion of the fees and costs to the P.A. which were a result of postpetition services, there is a remaining balance of approximately $34,125.00 currently being held in escrow, to which the plaintiff and P.A. each assert entitlement.

*CONCLUSIONS OF LAW*

The plaintiff asserts that the debtor's transfer of his right to payment for prepetition services under the Ray contingency contract to the P.A. is voidable under 11 U.S.C. § 549 because the debtor made an unauthorized postpetition transfer of property of the bankruptcy estate. The plaintiff also asserts two alternative forms of relief should the Court decline to avoid the transfer under § 549. First, the plaintiff contends that the debtor's transfer of his rights under the contract is voidable as a fraudulent transfer under 11 U.S.C. § 544(b) and Florida Statutes § 726. Second, Plaintiff claims that, as trustee, she is entitled to turnover of the property because she has a quantum meruit claim for the value of the debtor's prepetition services.

 Section 549 of the Bankruptcy Code provides as follows:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

. . .

(2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a) (1998). Pursuant to the statute, the criteria for avoidance are (1) a transfer; (2) of property of the estate; (3) which occurred postpetition; and (4) was not authorized by the Bankruptcy Code or the court. *See Geekie v. Watson (In re Watson),* 65 B.R. 9 (Bankr.C.D.Ill.1986). If a transfer is established, the burden of proving the validity of the transfer rests with the defendants in this proceeding. *See* Fed. R. Bankr.P. 6001.[1]

The Court will first address whether the contingent fee contract is property of the estate. Section 541 of the Bankruptcy Code includes as property of the estate:

(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.

. . .

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541(a) (1998). Section 541(a)(6) makes it clear that any fees due the debtor as a result of postpetition services are not a part of the bankruptcy estate. The issue in this proceeding concerns the debtor's right to compensation for services rendered prepetition.

 Although contingent fee contracts do not become part of a bankruptcy estate, fees earned under such contracts prior to the date of the filing of the bankruptcy petition do fall into the estate. *In re Paul A. Nelson, P.A.,* 203 B.R. 756, 761 (Bankr.M.D.Fla.1996) (Glenn, J.); *Turner v. Avery,* 947 F.2d 772, 774 (5th Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), *and cert. denied,* 504 U.S. 985, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), *and appeal after remand,* 198 B.R. 192 (E.D.La.1996), *aff'd,* 109 F.3d 765 (5th Cir.1997). Debtor concedes that the plaintiff is entitled to recover the value of any prepetition services rendered by the debtor to Mr. Ray in which the debtor has an interest. However, Debtor disputes that he has any interest in the fees awarded for those services. First, because his employment was terminated by Mr. Ray prior to the time the debtor filed his bankruptcy petition, the debtor asserts he was deprived of any interest in receiving compensation for his services. At any rate, the debtor claims he did not have an individual interest in the contingent fee contract with Mr. Ray because the right to compensation under the agreement belonged to the Wilbur & Allen partnership.

 The debtor contends that his right to receive a fee for his prepetition services was terminated when Mr. Ray discharged him "for cause" prior to the petition date. The debtor relies on the holding in *White v. Roundtree Transport, Inc.,* 386 So.2d 1287 (Fla. 3d DCA 1980), to support his contention

1. Rule 6001 states: "Any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof."

that an attorney has no right to compensation for services rendered if the attorney is discharged for cause. *Id.* at 1289 (holding that an attorney's right to a fee terminates when the attorney realizes or should realize that he cannot ethically represent his client's interests).

The Court finds that there has been no evidence presented indicating that the debtor was discharged by Mr. Ray. Although Mr. Ray terminated his contingency fee contract with Williams & Miller, this Court has not been apprised of any occasion on which he indicated a desire to discharge the debtor. In fact, the debtor continued to represent Mr. Ray after the discharge of Williams & Miller, but prior to the time he signed the employment contract on behalf of the P.A. The debtor filed pleadings during that time period, and spent more than thirty-three additional hours on the case performing research, reviewing the file, participating in mediation, and attending a planning conference with Mr. and Mrs. Ray. (Pl.Ex. 1–21 at 9–12.)

Mr. Ray's termination of his contract with Williams & Miller did not concomitantly result in the termination of his contract with the debtor. Although the debtor agreed to be bound by the terms of the Williams & Miller contract, he entered into a separate and distinct agreement with his client, Mr. Ray. This agreement is evidenced by Mr. Ray's and the debtor's signatures which appear below the provisions providing for the employment of the debtor. The contract between the debtor and Mr. Ray could not be terminated by Mr. Ray's discharge of one or more of his other attorneys. The Court agrees with the plaintiff that the debtor's contract was not contingent upon Williams & Miller's representation of Mr. Ray.

■ Regardless of whether his employment was terminated, the debtor contends that he has no interest in the fees due under the contract for prepetition services because the right to compensation belonged to the Wilbur & Allen partnership. According to the debtor, he signed the employment agreement with Mr. Ray in his capacity as a partner of Wilbur & Allen and not in his individual capacity.

The Court finds that the debtor signed the Contract Employing Attorney in his individual capacity. The firm name "Wilbur & Allen" appears nowhere in the contract, the debtor signed his name "Dudley D. Allen", and the name "Dudley D. Allen" was typed below the signature line. Moreover, the text of the contract states that the client is consenting to the employment of "Dudley D. Allen". In contrast, the paragraph in the contract regarding the employment of Williams & Miller specifically states that the client is retaining the services of "Williams & Miller, Attorneys, . . . ."

The debtor requests that this Court consider (1) parol evidence of the capacity in which he signed the contract, and (2) his signature in his capacity as a partner of Wilbur & Allen on the Statement of Client's Rights, as evidence that the right to compensation under the contract belonged to Wilbur & Allen. However, this Court ruled at trial that parol evidence was inadmissible to establish the capacity in which the debtor executed the employment agreement. Also, the Statement of Client's Rights specifically states as follows in the first paragraph: "This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights . . . ." (Def.Ex. 2.)

The Court finds that the Contract Employing Attorney was not terminated by Mr. Ray's discharge of Williams & Miller, and therefore remained in effect on the petition date. The Court further finds that the debtor signed the employment contract in his individual capacity. The debtor therefore had an interest in the prepetition fees due pursuant to the contract which became a part of the bankruptcy estate.

Under normal circumstances, the Court's inquiry would be at an end after valuing the debtor's prepetition services, and the debtor would be required to turn those funds over to the trustee. However, the facts of this proceeding involve a third entity: the P.A. Because the funds are not in the possession of the debtor, individually, the remaining requirements of an avoidable transfer must be

established in order for the plaintiff to compel the P.A. to turn over the funds.

 A "transfer" is broadly defined by the Bankruptcy Code as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54) (1998). In determining whether a transfer of property occurred, the Court must determine what, if anything, the estate really lost. *Grant v. Lathan Construction Corp. (In re Construction Contractors of Ocala, Inc.)*, 196 B.R. 188, 194 (Bankr.M.D.Fla.1996) (Proctor, J.) (citing *Brook v. Republic Bank (In re Clearwater Discount Marine, Inc.)*, 150 B.R. 74, 76 (Bankr.M.D.Fla.1993)).

At the time he filed his bankruptcy petition the debtor had an interest in receiving fees for the prepetition services he provided pursuant to his contract with Mr. Ray. He relinquished that interest when he signed the Contract Employing Attorney on behalf of the P.A. because he was no longer individually entitled to compensation for his prepetition services.

The debtor asserts that his rights under the original contingency fee contract were not lost merely because a new contingency fee contract was executed on behalf of the P.A. However, the debtor ignores the economic reality of the execution of the new agreement on behalf of the P.A. *See Banner v. Bagen (In re Bagen)*, 201 B.R. 642, 644 (S.D.N.Y.1996) ("The Bankruptcy Code intends to recognize economic realities...."), *aff'g*, 186 B.R. 824 (Bankr.S.D.N.Y.1995). In signing the Contract Employing Attorney with the P.A., Mr. Ray was simply expressing his intention of continuing the employment of Dudley D. Allen. The economic reality is that Mr. Ray was willing to compensate Dudley D. Allen for his services with a specific percentage of any recovery he obtained, not a percentage of any recovery for postpetition services performed on behalf of the P.A., plus additional compensation for prepetition services performed by Dudley D. Allen individually.

Debtor stated in his Memorandum of Law to the Court that he was "indeed fortunate that his professional association was chosen to serve as local counsel following termination of the Williams & Miller contract." (Defs.' Post–Trial Mem. at 22.) Debtor elevates form over substance in attempting to persuade this Court that there was a distinction to his client between Dudley D. Allen, the individual, and Dudley D. Allen, the professional association. The Court finds that the debtor transferred his right to compensation for prepetition services to his professional association by executing the Contract Employing Attorney on February 2, 1996, on behalf of the P.A.

 The plaintiff has established that a transfer of property of the bankruptcy estate occurred. The remaining elements of § 549 require proof of an unauthorized postpetition transfer. The transfer involved in this proceeding clearly occurred post-petition. The debtor executed the Contract Employing Attorney on behalf of the P.A. on February 2, 1996, one day after filing his petition in bankruptcy. Furthermore, the debtor's transfer of his right to receive fees for prepetition services was not approved by this Court, nor was it authorized by the Bankruptcy Code.

The Court holds that the transfer by the debtor of his right to receive payment for prepetition services provided to Mr. Ray under the contingent fee contract was an avoidable transfer pursuant to 11 U.S.C. § 549: the debtor made a postpetition transfer of property of the estate which was not authorized by the Bankruptcy Code or the court. The trustee is therefore entitled to recover the value of the property transferred from the initial transferee. 11 U.S.C. § 550(a) (1998). Accordingly, the plaintiff in this proceeding is entitled to recover the value of the debtor's prepetition services from the P.A.

 The value of the debtor's prepetition services is determinable on a quantum meruit basis. *In re Paul A. Nelson, P.A.*, 203 B.R. 756, 761 (Bankr.M.D.Fla.1996) (Glenn, J.); *Turner v. Avery*, 947 F.2d 772, 774 (5th Cir.1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), *and cert. denied*, 504 U.S. 985, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), *and appeal after re-*

*mand,* 198 B.R. 192 (E.D.La.1996), *aff'd,* 109 F.3d 765 (5th Cir.1997). The duty of establishing the value of these services rests with the plaintiff. *Turner,* 947 F.2d at 774.

Plaintiff values the debtor's prepetition services at approximately $34,125.00. Plaintiff arrives at this figure by subtracting $31,-763.61, which represents the payment for postpetition services remitted to the P.A. on the consents of the parties to this proceeding, from the entire sum paid under the contract ($65,889.18). The debtor agrees that approximately $34,125.00 of the fee paid pursuant to the contract is currently being held in escrow pending the Court's decision in this adversary proceeding, but argues that the plaintiff has failed to establish the value of the debtor's prepetition services.

In determining a proper quantum meruit award the Court must consider the totality of the circumstances surrounding the professional relationship. *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz,* 652 So.2d 366, 369 (Fla.1995); *Rosenberg v. Levin,* 409 So.2d 1016, 1022 (Fla. 1982). Relevant factors include those set forth in Rule Regulating the Florida Bar 4–1.5(b) [2]; however, those factors are not an exhaustive list of possible considerations for the court. *Poletz,* 652 So.2d at 369. "The determination as to which factors are relevant in a given case, the weight to be given each factor and the ultimate determination as to the amount to be awarded are matters within the sound discretion of the trial court." *Id.*

After considering the totality of the circumstances surrounding the debtor's representation of Mr. Ray, including the factors contained in Rule 4–1.5(b), the Court concludes that a reasonable value for Debtor's prepetition services is $34,125.00. The Court specifically notes that the debtor's prepetition representation of Mr. Ray was significant in terms of the length of the relationship, the risk of non-recovery, and requisite skill. In addition, Debtor's services ultimately resulted in a substantial settlement for his client. Pursuant to 11 U.S.C. § 550(a), the plaintiff is entitled to recover $34,125.00 from the P.A., representing the value of the debtor's prepetition services rendered pursuant to his employment contract with Mr. Ray.

The Court declines to grant relief for or against Dudley D. Allen, individually. The contingent fee at issue was payable to Dudley D. Allen, P.A., as a result of the Contract Employing Attorney executed on behalf of the P.A. on February 2, 1996. Consequently, the Court finds that Dudley D. Allen, the individual, is not a necessary party to this proceeding.

### CONCLUSION

The Court holds that the transfer of the debtor's right to compensation for prepetition services was an avoidable transfer pursuant to 11 U.S.C. § 549. Section 550 allows the plaintiff to recover the value of those services from the P.A., which the Court finds to be $34,125.00.[3] A separate judgment con-

---

**2.** Rule 4–1.5 requires that the following factors be considered as guides in determining a reasonable fee for legal services:

 (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

 (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

 (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

 (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

 (5) the time limitations imposed by the client or by the circumstances and, as between attorney

and client, any additional or special time demands or requests of the attorney by the client;

 (6) the nature and length of the professional relationship with the client;

 (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

 (8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation. Rule Regulating the Florida Bar 4–1.5(b) (1998).

**3.** Due to the resolution of these issues in Plaintiff's favor, the Court declines to address Plaintiff's alternative requests for relief.

sistent with these findings of fact and conclusions of law will be entered.