In re Samuel BERNSTEIN, Debtor.

Richard M. Coan, Trustee, Plaintiff,

v.

Safe Alternatives Corporation of America, a/k/a Sac of America, Inc., Defendant.

Bankruptcy No. 96–50256.
Adversary No. 97–5078.

United States Bankruptcy Court,
D. Connecticut.

April 5, 2000.

Timothy D. Miltenberger, Coan, Lewendon, Royston & Gulliver, LLC, New Haven, CT, for the trustee.

Richard J. Kilcullen, Danbury, CT, for Safe Alternatives.

1. The affidavit signed by Bernstein avers in

## MEMORANDUM AND ORDER GRANTING JUDGMENT TO AVOID UNAUTHORIZED POST-PETITION TRANSFER AND TO TURN OVER PROPERTY OF THE ESTATE

ALAN H.W. SHIFF, Chief Judge.

The plaintiff—chapter 7 trustee commenced this adversary proceeding against the debtor's employer, seeking a turnover of pre-petition earnings in the amount of $140,000. *See* 11 U.S.C. §§ 542, 549. The parties have agreed that all findings of fact may be derived from their October 5, 1995 *Stipulation of Facts and Contentions of the Parties,* which in relevant part follows.

### STIPULATION OF FACTS

1. On February 16, 1996, Samuel Bernstein filed this chapter 7 bankruptcy petition.
2. Richard Coan is the chapter 7 trustee.
3. On August 13, 1991, Samuel Bernstein and Safe Alternatives Corporation of America, Inc. ("SAC") entered into an employment agreement.
4. Samuel Bernstein was employed by SAC from August, 1991 to September, 1997.
5. Pursuant to the terms of the written employment agreement, Bernstein was to be compensated at the rate of $156,000 per year.

. . .

9. In the calendar year 1995, Bernstein was paid a total of $16,000.00.
10. By way of letters dated June 7, 1995 and June 3, 1996, Bernstein agreed to waive all salaries and benefits through December 31, 1994 and December 31, 1995, respectively.
11. Bernstein was told by SAC that the waivers were needed solely for the preparation of SAC's financial statements, but that he would be paid anyway.
12. In addition to other matters, Bernstein would testify to the statements on the attached affidavit.[1]

relevant part:

. . .

14. The trustee has demanded that SAC pay all accrued but unpaid compensation owing to Bernstein as of February 16, 1996.

15. SAC has made no payments to the trustee.

The trustee-plaintiff contends that under the terms of the employment agreement, Bernstein was entitled to be paid $156,000 in 1995. The employment agreement was not modified pre-petition. He was paid $16,000. He is therefore entitled to the $140,000 balance, and that amount is property of the bankruptcy estate.

The defendant-employer argues that the debtor was not entitled to compensation pursuant to the employment agreement because it had been modified by Bernstein's accepting lower amounts in 1992, 1993, 1994 and 1995. The plaintiff responds that any alleged modification is unenforceable because there is an absence of any consideration for the alleged modification. The stipulation is silent as to any consideration for any modification.

### DISCUSSION

 Property of the bankruptcy estate is broadly construed, *see* 11 U.S.C. § 541(a)(1); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and includes a debtor's right to collect pre-petition earnings. *Jess v. Carey (In re Carey)*, 215 B.R. 618, 620 (9th Cir. BAP 1999). Sections 549(a)(1) and (a)(2)(B) of the bankruptcy code specifically provide that the trustee may, with certain exceptions not applicable here, avoid any post-petition transfers of estate property that have not been approved by the bankruptcy court. *See, e.g., Manuel v. Allen (In re Allen)*, 217 B.R. 952, 957 (Bankr.M.D.Fla.1998).

Prior to June 3, 1997, I never agreed to a reduction of my future compensation under my employment agreement with Safe Alternatives Corporation of America, Inc. Prior to June 3, 1997, no person associated with Safe Alternatives Corporation, Inc. ever requested that I agree to a reduction of my future compensation under my employment

 Here, Bernstein's chapter 7 petition was filed on February 16, 1996, and then, post-petition, on June 3, 1996, without any authorization from this court, he attempted to waive the unpaid portion of his 1995 compensation. *See stipulation* ¶ 10. The trustee is therefore entitled to judgment under §§ 542(a) and 549(a).

Accordingly, the trustee is granted judgment in the amount of $140,000 and IT IS SO ORDERED.

agreement with Safe Alternatives Corporation of America, Inc. From time to time, I did agree to waive unpaid salary that had accrued and was owing to me by Safe Alternatives Corporation of America, Inc., but I never agreed to waive my or relinquish my rights to compensation going forward.