OPINION OF THE COURT
Leonard B. Austin, J.
Defendants, Richard R. Rio (Richard) and Law Offices of Richard R. Rio, PLLC (Rio PLLC), move to dismiss this action pursuant to CPLR 3211 (a) (3) and (5).
Plaintiff, Michael Goldman, cross-moves for summary judgment on his cause of action to compel an accounting and to compel defendants to comply with his discovery demands.
Background
In 1982, Goldman and Richard formed a partnership for the practice of law known as Goldman & Rio, Esqs. (G & R). They practiced law as G & R until May 18, 2004 when Goldman was suspended from the practice of law. (Matter of Goldman, 7 AD3d 18 [1st Dept 2004].)
Goldman’s suspension from the practice of law terminated the G & R partnership. Upon Goldman’s suspension, Richard set up a new firm, the Law Offices of Richard R. Rio, PLLC. Goldman did not have an interest in Rio, PLLC.
Goldman was subsequently disbarred. (Matter of Goldman, 24 AD3d 29 [1st Dept 2005].)
After Goldman was disbarred, but before he commenced this action, he filed for protection under chapter 7 of the Bankruptcy Code (11 USC § 701 et seq.). Goldman listed Richard, G & R and Rio, PLLC as creditors in his bankruptcy petition. Goldman’s bankruptcy petition listed no assets from which dividends could be paid to creditors. On June 5, 2006, the United States Bankruptcy Court for the Eastern District of New York *386 granted Goldman a discharge in bankruptcy pursuant to 11 use § 727.*
Goldman commenced this action on September 26, 2006 wherein he seeks to compel Rio to account for the affairs of G & R.
Goldman asserts that, when he was suspended from the practice of law, G & R had assets in which he is entitled to share. Goldman further asserts G & R had numerous matters pending when he was suspended. Goldman seeks to recover the value of his equity in G & R and/or his share of the legal fees earned by or paid to G & R relating to legal services he rendered prior to his suspension.
Defendants move to dismiss this action asserting that Goldman lacks standing to maintain the action. Defendants claim that Goldman was required to list his equity interest in G & R and his right to legal fees earned by the partnership as assets in his bankruptcy petition. Goldman listed neither. Defendants assert that his failure to list these assets in his bankruptcy filing deprive Goldman of capacity or judicially estop him from bringing this action.
Goldman asserts he is entitled to an accounting. He claims Richard is attempting to deprive him of his rightful share of G & R.
Goldman cross-moves for summary judgment on his cause of action to compel an accounting and to compel defendants to comply with his discovery demand as provided in the preliminary conference order.
Discussion
CPLR 3211 (a) (3) permits the court to dismiss an action where the party bringing the action lacks the legal capacity to sue. A plaintiff who declares bankruptcy lacks capacity to sue on a cause of action if (1) the cause of action accrued prior to the filing of the bankruptcy petition; (2) the plaintiff knew or should have known the cause of action existed when he filed for bankruptcy; and (3) the plaintiff failed to disclose the existence of the cause of action as an asset in the bankruptcy proceeding. *387 (Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191 [1987]; Whelan v Longo, 23 AD3d 459 [2d Dept 2005]; Quiros v Polow, 135 AD2d 697 [2d Dept 1987].)
The cause of action for an accounting accrued when the partnership was dissolved. (Green v Albert, 199 AD2d 465 [2d Dept 1993]; Partnership Law § 74.) G & R was dissolved by operation of law upon Goldman’s suspension from the practice of law. Thus, the cause of action for an accounting accrued on May 18, 2004, the date Goldman was suspended from practice.
Goldman, as a suspended and subsequently disbarred attorney, would be entitled to recover legal fees earned and disbursements incurred for legal services rendered or disbursements incurred prior to his suspension or disbarment on a quantum meruit basis. (Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86 [1st Dept 2003].) A cause of action for quantum meruit accrues immediately upon the attorney’s discharge. (Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York, 302 AJD2d 183 [1st Dept 2002].) Thus, Goldman’s claim to recover legal fees accrued on May 18, 2004.
A bankrupt’s estate consists of “all legal or equitable interests of the debtor in property as of the commencement of the case.” (11 USC § 541 [a] [1].) A voluntary bankruptcy proceeding is commenced by the filing of a petition with the court. (11 USC § 301 [a].) Goldman filed his bankruptcy petition on October 16, 2006.
The estate of a bankrupt attorney includes the value of all legal fees earned prior to the filing of the petition including all prepetition contingent fee contractual rights. {In re Bagen, 186 BR 824 [SD NY 1995], affd 201 BR 642 [SD NY 1996].) Earnings of an individual for services performed after the commencement of the case are not part of the bankrupt’s estate. (11 USC § 541 [a] [6].)
Goldman could not earn any legal fees after his suspension from practice. Therefore, any legal fees he might have earned would be assets of his bankruptcy estate.
The causes of action Goldman pleads in the complaint herein all accrued prior to his filing for bankruptcy. He did not list those causes of action as assets in his bankruptcy petition. Any money Goldman would have recovered as a result of these causes of action would have been assets of his bankruptcy estate which could have been used to satisfy, in whole or part, the claims of his creditors. Goldman most certainly knew, or should *388 have known, of his right to an accounting upon the dissolution of G & R as well as his right to recover his quantum meruit share of legal fees for services rendered prior to his suspension. Since Goldman did not list these items as assets in his bankruptcy petition, he lacks capacity to bring this action.
In addition, Goldman is judicially estopped from asserting the causes of action pleaded in the complaint.
The doctrine of judicial estoppel or estoppel against inconsistent positions prevents a party who asserted a factual position in a prior action from taking an inconsistent position in subsequent litigation. (Black v White & Case, 280 AD2d 407 [1st Dept 2001]; McCaffrey v Schaefer, 251 AD2d 300 [2d Dept 1998].) “The doctrine rests upon the principle that a litigant ‘should not be permitted ... to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise’ (Note, op. cit., 59 Harv L Rev 1132).” (Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591, 593 [2d Dept 1984].) The doctrine is invoked to prevent a party from adopting contrary positions because our judicial system cannot tolerate a party playing “fast and loose with the courts.” (Environmental Concern v Larchwood Constr. Corp., 101 AD2d at 594 [internal quotation marks omitted]; see also Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435 [2d Dept 1995].)
In his bankruptcy proceeding, Goldman stated that Richard, G & R and Rio, PLLC were creditors. He stated he had no assets. Goldman takes the opposite position in this action. He claims an entitlement to his equity in G & R and/or his share of legal fees earned by Richard, G & R and Rio, PLLC relating to legal services he provided and legal fees earned prior to his suspension. Judicial estoppel prevents Goldman from making these contradictory claims after having obtained a bankruptcy discharge.
In rendering this decision this court is not saying that Goldman was not entitled to an accounting or a share of the legal fees earned for legal services prior to his suspension. However, as assets of his estate in bankruptcy, these assets/claims had to be listed as such in his bankruptcy proceeding. His failure to do so bars him from bringing this action.
Since the action is being dismissed, Goldman’s cross motion for summary judgment on his accounting cause of action and his cross motion to compel defendants to comply with his discovery demands must be denied as moot.
*389 Accordingly, it is ordered that defendants’ motion to dismiss is granted and the complaint is hereby without costs dismissed; and it is further ordered that plaintiffs cross motion for summary judgment and/or to compel discovery is denied as moot.

 After the discharge was issued, the trustee commenced a proceeding to determine whether Goldman had significantly understated his equity interest in a one-family house he owns as a tenant by the entirety with his wife. The trustee also wanted to investigate whether Goldman’s transfer of a 25% interest in this real property to his wife in August 2002 to permit her to obtain an additional mortgage on the house constituted a fraudulent transfer.