■ MICHAEL GOLDMAN, Appellant, v RICHARD R. RIO et al., Respondents. [879 NYS2d 199]—

In an action, inter alia, for an accounting, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), entered February 1, 2008, as granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint and denied that branch of his cross motion which was for summary judgment on the cause of action for an accounting, and (2) an order of the same court entered August 12, 2008, which denied his motion for leave to renew and reargue.

Ordered that the appeal from so much of the order entered August 12, 2008, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 1, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that the order entered August 12, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

According to the complaint, the plaintiff, a former attorney and law partner of the individual defendant, seeks an accounting of the partnership's affairs and to recover "all monies owed to the plaintiff" (see Partnership Law § 44). However, under the circumstances, the plaintiff, whose claim to money owed to him would have accrued prior to his commencement of a bankruptcy proceeding in which he received a discharge in bankruptcy, lacks capacity to assert such a claim (see CPLR 3211 [a] [3]; Whelan v Longo, 7 NY3d 821, 822 [2006]; Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 196-197 [1987]; Quiros v Polow, 135 AD2d 697, 699-700 [1987]). Moreover, to the extent the plaintiff seeks an accounting for the purpose of obtaining information about the funds of the partnership's clients, the plaintiff is not entitled to an accounting for that purpose, as the right to an accounting of partnership affairs "is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (Adam v Cutner & Rathkopf, 238 AD2d 234, 242 [1997]; see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 22-23 [2008]; LoGerfo v Trustees of Columbia Univ. in City of N.Y., 35 AD3d 395, 397 [2006]; Palazzo v Palazzo, 121 AD2d 261, 265 [1986]; cf. Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 119 [1998]). Accordingly, the Supreme Court properly granted the defendants' motion, in effect, pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint.

The plaintiff's remaining contentions are without merit.

Santucci, J.P., Florio, Covello and Dickerson, JJ., concur. [*See* 19 Misc 3d 384.]