In an action, inter alia, for an accounting, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated February 14, 2011, as granted that branch of the defendants’ cross motion which was, in effect, to dismiss the complaint on the ground that it is barred by the doctrine of res judicata and denied his motion for leave to enter a default judgment, and (2) from an order of the same court dated June 17, 2011, which denied his motion, in effect, for leave to renew and reargue.
Ordered that the appeal from so much of the order dated June 17, 2011, as denied that branch of the plaintiffs motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated June 17, 2011, is affirmed insofar as reviewed; and it is further,
Ordered that the order dated February 14, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
Contrary to the plaintiff’s contention, the Supreme Court *730 properly granted that branch of the defendants’ cross motion which was, in effect, to dismiss the complaint on the ground that the action is barred by the doctrine of res judicata. “ ‘Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof ” (Shelley v Silvestre, 66 AD3d 992, 993 [2009], quoting Matter of City of New York v Schmitt, 50 AD3d 1032, 1033 [2008]; see Matter of Reilly v Reid, 45 NY2d 24, 30 [1978]). Here, the plaintiff, a disbarred attorney and former partner of the individual defendant, seeks an accounting of all partnership affairs, purportedly for informational purposes. He commenced the present action after the conclusion of a prior action in the same court involving the same parties and the same issues, which came before this Court on appeal. On that appeal, this Court determined that the plaintiff was not entitled to an accounting for the purpose of obtaining information about the funds of the partnership’s clients (see Goldman v Rio, 62 AD3d 834, 835 [2009]). Accordingly, the Supreme Court properly granted that branch of the defendants’ cross motion which was, in effect, to dismiss the complaint on the ground that it is barred by the doctrine of res judicata.
The Supreme Court also properly denied the plaintiffs motion for leave to enter a default judgment. The plaintiff failed to dispute that service upon the individual defendant was defective given that, inter alia, the service and mailing were not within 20 days of each other as required by statute (see CPLR 308 [2]). In any event, the individual defendant timely served an answer. The plaintiffs contention that service upon the individual defendant was not defective under New Jersey law has no bearing here, given that “under common-law rules matters of procedure are governed by the law of the forum” (Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280, 285 [2010] [internal quotation marks omitted]). With respect to the defendant corporation, the Supreme Court providently exercised its discretion in determining that it was not in default under the circumstances of this case (see Chakmakian v Maroney, 78 AD3d 1103 [2010]; Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc., 72 AD3d 762 [2010]). Accordingly, the Supreme Court properly denied the plaintiffs motion for leave to enter a default judgment.
Moreover, that branch of the plaintiffs motion which was, in effect, for leave to renew was properly denied since there was no reasonable justification for failing to submit the purportedly *731 new evidence in opposition to the defendants’ original motion to dismiss the complaint (see CPLR 2221 [e] [2], [3]).
The plaintiffs remaining contentions are either academic in light of the foregoing or without merit. Dillon, J.P, Dickerson, Leventhal and Hinds-Radix, JJ., concur. [Prior Case History: 2011 NY Slip Op 30445(11).]