Matter of Gavin v Worner (2018 NY Slip Op 08932)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Gavin v Worner

2018 NY Slip Op 08932

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-00610
(Docket No. F-1768-11/17H)

[*1]In the Matter of Susan Gavin, appellant, 
vLawrence J. Worner, respondent.

Stephen Bergstein, New Paltz, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered December 4, 2017. The order denied the mother's objections to an order of the same court (Barbara O. Afriyie, S.M.) entered October 16, 2017, which, after a hearing, dismissed her petition for a downward modification of her child support obligation.
ORDERED that the order entered December 4, 2017, is affirmed, without costs or disbursements.
We agree with the Support Magistrate's determination in the order entered October 16, 2017, that the mother's petition for a downward modification of her child support obligation was barred by the doctrine of res judicata (see Matter of Mervil v Exhume, 165 AD3d 675; Goldman v Rio, 104 AD3d 729, 730; Matter of Waldman v Waldman, 47 AD3d 638, 639; Matter of Perna v Perna, 12 AD3d 448, 448). Having failed to show a substantial change in circumstances since the prior child support proceeding, the mother was precluded from relitigating the issue in this subsequent proceeding on her petition for a downward modification (see Matter of Figueroa v Herring, 61 AD3d 976, 977; Matter of Solis v Marmolejos, 50 AD3d 691, 692).
The mother's remaining contention is not properly before this Court.
Accordingly, we agree with the Family Court's denial of the mother's objections to the order entered October 16, 2017.
RIVERA, J.P., BALKIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court