18-2682-cv
*Goldman v. Rio*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
            CHRISTINA REISS,
                    *District Judge.*[*]

―――――――――――――――――――――

MICHAEL GOLDMAN, MICHAEL GOLDMAN, ESQ.,
49 EMMET AVENUE, EAST ROCKAWAY, NY 11518

                *Plaintiff-Appellant,*                    18-2682-cv

                v.

RICHARD R. RIO,

                *Defendant-Appellee.*

―――――――――――――――――――――

**FOR PLAINTIFF-APPELLANT:**            Michael L. Goldman, *pro se*, East
                                        Rockaway, NY.

―――――――――――――――――――――

[*] Judge Christina C. Reiss, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR DEFENDANT-APPELLEE:**     Ira Kleiman, Brief Carmen & Kleiman, LLP, New York, NY.

Appeal from an August 15, 2018 judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Michael Goldman, a *pro se* attorney, sued his former law partner Richard Rio for: (1) reimbursement for certain payments he made to former clients in 2016 and 2017, (2) an accounting of the former partnership ("GR"), and (3) damages caused by Rio's withholding of partnership records. The District Court dismissed the complaint *sua sponte*, reasoning that the claims were barred by claim preclusion and issue preclusion based on two former state court actions filed by Goldman against Rio, and also time-barred under the applicable statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a *sua sponte* dismissal of a complaint, *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), and a district court's decision regarding preclusion, *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). A federal court sitting in diversity applies the preclusion law "that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (claim preclusion); *see also Norris v. Grosvenor Mktg., Ltd.*, 803 F.2d 1281, 1285 (2d Cir. 1986) (applying New York issue preclusion law), *superseded on other grounds by rule*. New York's "doctrine of *res judicata*, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (quoting *Maharaj v. BankAmericaCorp.*, 128 F.3d 94, 97 (2d Cir. 1997) (alteration in original)). An action "will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit; that is to say, the second cause of action requires the same evidence to support it and is based on facts that were also present in the first." *Maharaj*, 128 F.3d at 97 (internal citation omitted); *see also Reilly v. Reid*, 45 N.Y.2d 24, 28–30 (N.Y. 1978) (describing New York's "transactional" approach to claim preclusion). Although we ordinarily review *pro se* submissions with "special solicitude," Goldman, an attorney, is not entitled to "such solicitude[.]" *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

The District Court properly dismissed Goldman's accounting claim. We decline to address Goldman's arguments regarding claim preclusion because the state court's determination in his second state court action, that the accounting claim was barred by claim preclusion, was also issue preclusive. New York's collateral estoppel doctrine "bars relitigation of an issue when (1) the

identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). In the second state court action, Goldman litigated the preclusive effect of the first action and lost: the New York Supreme Court dismissed the action on claim preclusion grounds and the Appellate Division affirmed that ruling. *See Goldman v. Rio*, No. 9284/2010, 2011 WL 766364 (N.Y. Sup. Ct. Feb. 14, 2011); *Goldman v. Rio*, 104 A.D.3d 729, 729–30 (2d Dep't 2013). Goldman cannot now relitigate the same issue which was the basis of the second state court judgment—whether his accounting claim was barred by the doctrine of *res judicata*—after a full and fair opportunity to litigate. *See Wen Mei Lu v. Wen Ying Gamba*, 158 A.D.3d 1032, 1034–36 (3d Dep't 2018) (attaching issue-preclusive effect to prior claim-preclusion ruling between the same parties).

With regard to his reimbursement claim, we note that Goldman does not identify the cause of action or describe the elements of the claim. He argues that preclusion does not apply because the payments were made in 2016 and 2017, but does not draw to our attention any legal authority explaining how the date of payment relates to the preclusion analysis. He has thus failed to preserve this issue for appellate review. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 n.4 (2d Cir. 2000) (ruling a "conclusory, one-sentence argument is insufficient to preserve any issue for appellate review"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (reasoning issue is not sufficiently briefed when the party "stat[es] an issue without advancing an argument").

Goldman also fails to identify the tort or legal theory under which he brings his third claim. Possibly he asserts a breach of the fiduciary duty to disclose partnership information. Although couched in a different, unidentified legal theory, this claim arises from the same or related facts underlying the claims he brought in state court and is thus barred by *res judicata*. In New York, a tort claim, including a breach-of-fiduciary-duty claim, becomes enforceable "when all elements of the tort can be truthfully alleged in a complaint." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 140 (2009) (internal quotation marks omitted). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Litvinoff v. Wright*, 150 A.D.3d 714, 715 (2d Dep't 2017) (internal quotation marks omitted). Goldman was aware of the alleged withholding of partnership records as early as November 2004, and could allege an injury by October 2005, when he claims that he was disbarred as a result of failing to provide partnership bank records to the Departmental Disciplinary Committee. *See* Appellant's Br. at 20–21. Therefore, the claim became enforceable no later than October 2005, and Goldman could have raised it in his 2006 state court action.

## CONCLUSION

We have reviewed all of the arguments raised by Goldman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 15, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4